IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ARMSTRONG,<br><br>               Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCE INC.,<br>PHYSICIAN'S ASSISTANT DESAI,<br>JANE DOE 1, and<br>JANDE DOE 2,<br><br>               Defendants. | Case No. 24-cv-02059-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Michael Armstrong, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT[1]

    Plaintiff alleges that on August 24, 2022, he had his big toenail removed. (Doc. 1, p. 13). Following the procedure, Physician Assistant Desai believed that Plaintiff may have developed an infection and prescribed the antibiotic trimethoprim. (*Id.* at p. 7, 13). Desai did not explain to

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass,* 886 F.3d 639, 644 (7th Cir. 2018).

Plaintiff any potential side effects or risks in taking the antibiotic. She also did not provide the pharmacy sheet explaining the side effects. (*Id.* at p. 7).

Plaintiff started the antibiotic on August 25, 2022. (Doc. 1, p. 13). The following day, he informed the nurse, who was redressing his toe, that his penis was peeling, itching, red, and discharging puss. The nurse told Plaintiff to keep it dry and clean. Plaintiff continued to report his symptoms on August 27 and 28. Plaintiff was scheduled to see a doctor on August 29, but after several cancelations and rescheduling, he did not see a doctor until September 2, 2022. (Doc. 1, p. 14). The doctor diagnosed Plaintiff with a yeast infection and prescribed medication. (*Id.*).

The next day, on September 3, 2022, when Plaintiff was having his toe redressed, he asked the nurse how a man could develop a yeast infection. (Doc. 1, p. 14). The nurse told Plaintiff that the infection "came from the antibiotic." Plaintiff states that although developing a yeast infection is a rare side effect from the antibiotic, he would have liked to have been inform of the potential risks in taking the antibiotic and been given the option to decline the medication.

## DISCUSSION

Plaintiff has failed to state a constitutional claim against any of the named Defendants, and therefore, his Complaint will be dismissed.

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019).

The facts as pled, do not describe conduct on behalf of any of the Defendants that rise to the level of deliberate indifference. Plaintiff claims that Physician Assistant Desai violated his

Eighth Amendment right by not providing information on the potential side effects he could experience by taking trimethoprim, and as a result, he suffered side effects causing mental and emotional pain. (Doc. 1, p. 7). This allegation is not sufficient for the Court to plausibly infer that Desai knew of a serious risk of harm to Plaintiff in prescribing the antibiotic and disregarded that risk by prescribing it anyways and failing to inform him of the potential side effects. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013) (observing that when a plaintiff brings an Eighth Amendment claim based on failure to warn, the standard remains that the "Eighth Amendment protects inmates from deliberate indifference to *substantial* risks of serious damage to their health."). If anything, his allegations describe negligent conduct on the part of Desai. He states that the nurse told him that Desai usually explains side effects but "for whatever reason she forgot" and that the side effects are "rare or a small chance of it happening." Negligent conduct, even grossly negligent conduct, does not violate the Eighth Amendment. Accordingly, Plaintiff's Eighth Amendment claim against Desai is dismissed.

The Court also dismisses Plaintiff's Eighth Amendment claim against Nurses Jane Does 1 and 2. Plaintiff claims that Jane Doe 1 refused to refer him to a doctor for the adverse side effects he was experiencing from the antibiotic. She instead required him to be seen at nurse sick call three times, in accordance with a Wexford Health Sources, Inc. policy, prior to scheduling him with a doctor. He states he saw Jane Doe 2 on his third or fourth nurse sick call visit for his symptoms, and again, Jane Doe 2 also refused to refer Plaintiff to a doctor. Regardless of how many times Plaintiff saw the nurses, he first reported his symptoms on August 26, 2022, and ultimately was seen by a doctor on September 2, 2022. The conduct on the part of the Jane Does, which caused Plaintiff to have to wait only seven days to see a doctor for a yeast infection, does not amount to the type of extreme deprivation and delay in medical care that violates the constitution.

Finally, Plaintiff has failed to state a claim against Wexford Health Source Inc. (Wexford).

Plaintiff asserts that due to a cost cutting policy on the part of Wexford he was not provided the pharmacy sheet explaining the side effects of the medication prescribed to him. (Doc. 1, p. 7). Furthermore, acting pursuant to a Wexford policy, Jane Doe 1 refused to refer him to be seen by a doctor until he had been to nurse sick call three times. Assuming these policies exist, the policies did not result in unconstitutional care. As stated above, Plaintiff states that Desai "forgot" to explain the potential side effects of the antibiotic, not that Desai was acting pursuant to a Wexford policy. Additionally, even with the three-nurse visit requirement, Plaintiff was able to see a doctor within a week of first reporting his symptoms. Because no underlying constitutional violation occurred, Wexford cannot be held liable for damages. *See Pyles v. Fahim,* 771 F. 3d 403, 412 (7th Cir. 2014).

While the Court freely grants leave to amend for pro se litigants, it is convinced after reviewing the Complaint that Plaintiff will not be able to present a valid Section 1983 claim premised on the events that transpired and the facts he has presented to the Court. *See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011). Accordingly, the Complaint will be dismissed with prejudice, and this case closed.

## DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as one of Plaintiff's three "strikes" under 28 U.S.C. §1915(g). All pending motions are denied as moot. (Doc. 3).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R.

APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 13, 2024**

       *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**